Sneed, J.,
delivered the opinion of the court:
The bill is filed by two of the five parties, who claim to be tenants in common, or joint owners of a tract of land, for a partition thereof, and to remove a cloud from their title created by alleged adverse holding of the defendant, Johnson.
The complainants claim the land under a proceeding in the county court, founded upon the report of a trustee of the sale of the land in controversy, under a deed of trust executed by one Farnsworth.
The complainants, as the beneficiaries of said trust, bought the land, and, under the decree of the county court, the title was divested and vested in them, and a deed executed by the clerk.
The complainants also hold the deed of the said Fams-worth to the land executed, upon their relinquishment of all claim to a small part of the land so conveyed in trust, and so purchased by them.
The bill alleges that the defendant, Johnson, has been in possession of the land for several years, and that he has claimed it adversely since the year 1873; that he claims under a pretended deed of conveyance executed to him, by the said Farnsworth more than twenty years ago, which has only been recently registered, and that said deed is fraudulent and void, and the complainants seek to have it so declared as a cloud upon their title to the land, which they seek to have partitioned among them, according to their respective interests as set forth and declared in the title deeds aforesaid. As we have seen, only two of the five co-tenants join in the bill, the other three not being either parties complainant or defendant. The question to be decided is raised by a demurrer to the bill. The grounds of demurrer assumed are:
1. Because complainants are seeking to assert a superior legal title to said land, and for this they have a full, adequate, and unembarrassed remedy at law by action of ejectment.
*448 2. Because complainants by tlie bill seek partition of the land their legal title to which is disputed, and the court has no jurisdiction to decree a partition until the legal title is determined.
3. Because the other joint tenants are not made parties to the suit for partition.
The chancellor was of opinion that the demurrer was well taken, and allowed the same and dismissed the bill. The complainants prayed and have prosecuted an appeal.
We think the bill may be maintained. A court of equity i- peculiarly the appropriate forum to investigate and determine all questions of fraud, and it has come to be a universally recognized principle that where this forum has jurisdiction for one purpose, it may retain it for any and all others involved in the same litigation.
It has been held, generally, that a partition will not be decreed where the title is disputed, but this refers to the legal title. In cases of equitable estates or defenses a court of equity has, of necessity, jurisdiction over the whole matter. Donnell v. Mateer, 7 Ired. Eq., 94. In the case of Dean v. Snelling, it is said that the chancery court seems to be an especially appropriate tribunal to determine questions of title preliminary or incident to partition, and that upon a bill to remove a cloud from the title, jurisdiction to decree partition would result as a necessary incident. 2 Heis., 490. And by positive statute, it is enacted that the court in such eases, upon appearance or default, shall declare the rights, titles, and interests of the parties in the premises, and give judgment that partition be made between such of them as have any right therein, according to such right. Code, sec. 3277 [Shannon’s Code, sec. 5025]. The early cases which hold that partition will not be decreed when the title is in dispute, do not, as we apprehend, embrace a case like this, where the bill charges a mere fraudulent pretext of title, which it is the peculiar provinces of a court of equity to declare null and void. It was settled in the case of Carter v. Taylor, that where the *449 ti+les are equitable, or there are equities to settle, and the object is partition, a court of equity may be resorted to for the purpose, and having done so, will decree partition under the same bill. 3 Head, 35; 1 Story Eq., sec. 650; Leverton v. Waters, 7 Cold., 23. In the case of Buck v. Williams, MS., Jackson, 1872 [since reported in 10 Heis., 264, see p. 277], it is said that the tendency of recent decisions upon the subject is to modify the strictness of former rulings as to jurisdiction in such cases, and whan parties, at great trouble and expense, have prepared a clause for trial, they shall not be turned out upon a doubtful question of jurisdiction. And in Graham v. Caldwell, MS., Knoxville, 1876, it is said that a bill to remove a cloud may be maintained, although the defendant is in adverse possession, and that the court, obtaining jurisdiction for one purpose, will give complete relief.
In the case before us the court can properly take jurisdiction to remove the only obstacle to partition — the alleged fraudulent deed that lies in the way — and having done this, it has jurisdiction to adjudge any other matter of equity properly presented in the bill.
Upon the third and last ground of demurrer we are of opinion that the joint owners of the land, who, it seems, declined to unite in the proceedings, ought to be before the court.
The ruling of the chancellor upon the two first grounds of demurrer will be reversed, but upon the last ground affirmed, with leave to amend by making the other joint claimants parties.
Thus modified, let the cause be remanded.